UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY P. REGAS, <br><br> Plaintiff, <br><br> v. <br><br> FREEMONT INVESTMENTS & LOAN; et al., <br><br> Defendants. | 3:10-cv-0366-LRH-VPC <br><br> ORDER |

Before the court is plaintiff Troy P. Regas's ("Regas") motion to remand filed on June 20, 2010. Doc. #2.[1]

**I.   Facts and Procedural History**

On February 1, 2007, Regas purchased real property through a mortgage note and deed of trust executed by defendant Fremont Investment & Loan. Regas defaulted on the mortgage and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on May 5, 2010, Regas filed a complaint in state court against defendants alleging thirteen causes of action: (1) violation of N.R.S. 598D.100; (2) conspiracy; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing;

---

[1] Refers to the court's docket entry number.

(10) civil conspiracy; (11) racketeering; (12) unjust enrichment; and (13) fraud in the inducement. Doc. #1, Exhibit 1. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Regas filed the present motion to remand. Doc. #2.

## II.   Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.  Discussion

### A. Federal Question Jurisdiction

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Regas's complaint alleges thirteen causes of action. Doc. #1, Exhibit 1. Based on the face of the complaint, Regas alleges only state law claims insufficient to grant federal question jurisdiction. In opposition, defendants argue that removal is proper because Regas's claims are rooted in federal

law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). Specifically, defendants argue that the Nevada Unfair and Deceptive Trade Practices Act claim requires the interpretation of federal law.[2] Therefore, defendants contend the court may exercise federal question jurisdiction.

However, contrary to defendants' position, this act defines state claims that are separate from, and has distinct legal precedents different than, its federal counterpart. Although federal regulations are expressly noted in the Nevada statute, these references only provide a framework for determining the types of claims that can be brought under the state statute. The fact that a violation of federal law may be a predicate for the violation of state law does not automatically elevate the state claim to a claim requiring "resolution of a substantial question of federal law" sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada courts have interpreted these statutes without implicating federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598).

Accordingly, the court finds that Regas's state law claims do not implicate significant federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the state causes of action turned on the defendant's compliance with federal regulations). Therefore, the court cannot exercise federal question jurisdiction.

**B. Diversity Jurisdiction**

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

---

[2] The Nevada Unfair and Deceptive Trade Practices Act, found at NRS 598 et seq., provides that a person is engaged in a deceptive trade practice when that person conducts business without the appropriate state licenses or violates a state or federal regulation relating to the sale or lease of goods and services. NRS 598.0923.

3

1  28 U.S.C. § 1332(a). In a diversity action, if a complaint does not specify the amount of damages,
2  "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that
3  the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,
4  404 (9th Cir. 1996). Further, an action based on diversity jurisdiction is "removable only if none of
5  the parties in interest properly joined and served as defendants is a citizen of the state I which such
6  action is brought." 28 U.S.C. § 1441(b).

7  Here, defendants removed the action based on diversity jurisdiction arguing that all non-
8  diverse defendants listed in the complaint were fraudulently joined. Doc. #1. Regas does not
9  challenge that there is complete diversity between the parties based upon the fraudulent joinder of
10 non-diverse defendants. Rather, Regas argues that the amount in controversy does not exceed
11 $75,000 because the damages he is seeking are general damages that are relatively unknown and
12 unquantifiable. *See* Doc. #2.

13 The court finds that defendants have established by a preponderance of evidence that the
14 amount in controversy exceeds the $75,000 amount in controversy requirement. Regas seeks to
15 have the title for the underlying property quieted in his name and further seeks to have the loan
16 voided. His requested remedies seek to eliminate over $500,000 in obligations to defendants, plus
17 additional damages related defendants conduct. *See* Doc. #1, Exhibit 1. Therefore, the court may
18 exercise diversity jurisdiction over this action. Accordingly, the motion to remand shall be denied.

20 IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #2) is DENIED.
21 IT IS SO ORDERED.
22 DATED this 23rd day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE