1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *
                                          )
9    TROY P. REGAS,                       )
                                          )
10                  Plaintiff,            )              3:10-cv-0366-LRH-VPC
                                          )
11    v.                                  )
                                          )              ORDER
12   FREEMONT INVESTMENTS & LOAN;         )
     et al.,                              )
13                                        )
                    Defendants.           )
14   _____ )

15          Before the court is plaintiff Troy P. Regas's ("Regas") second motion to remand filed on

16   August 20, 2010. Doc. #28.[1]

17   **I.      Facts and Procedural History**

18          On February 1, 2007, Regas purchased real property through a mortgage note and deed of

19   trust executed by defendant Fremont Investment & Loan. Regas defaulted on the mortgage and

20   defendants initiated non-judicial foreclosure proceedings.

21          Subsequently, on May 5, 2010, Regas filed a complaint in state court against defendants

22   alleging thirteen causes of action: (1) violation of N.R.S. 598D.100; (2) conspiracy; (3) permanent

23   injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet

24   title; (8) breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing;

25   _____

26          [1] Refers to the court's docket entry number.

(10) civil conspiracy; (11) racketeering; (12) unjust enrichment; and (13) fraud in the inducement. Doc. #1, Exhibit 1. Defendants removed the action to federal court based upon federal question and diversity jurisdiction. Doc. #1. Thereafter, Regas filed a motion to remand (Doc. #2) which the court denied (Doc. #21) finding that there was complete diversity between the parties because non-diverse defendant Ticor Title of Nevada was fraudulently joined.

Subsequently, Regas filed a motion to amend his complaint (Doc. #22) which the court granted (Doc. #26). Regas's amended complaint joins additional non-diverse defendants and alleges eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) violation of NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #27. Thereafter, Regas filed the present second motion to remand. Doc. #28.

## II.   Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

2

1  **III.     Discussion**

2          **A. Federal Question Jurisdiction**

3          A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C.

4  § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that

5  federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a

6  substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust*

7  *for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

8          Regas's amended complaint alleges eleven causes of action. Doc. #27. Based on the face of

9  the complaint, Regas alleges only state law claims insufficient to grant federal question

10  jurisdiction. In opposition, defendants argue that removal is proper because Regas's claims are

11  rooted in federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S

12  308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate

13  significant federal issues). Specifically, defendants argue that the Nevada Unfair and Deceptive

14  Trade Practices Act claim requires the interpretation of federal law.[2] Therefore, defendants contend

15  the court may exercise federal question jurisdiction.

16          However, contrary to defendants' position, this act defines state claims that are separate

17  from, and have distinct legal precedents different than, its federal counterpart. Although federal

18  regulations are expressly noted in the Nevada statute, these references only provide a framework

19  for determining the types of claims that can be brought under the state statute. The fact that a

20  violation of federal law may be a predicate for the violation of state law does not automatically

21  elevate the state claim to a claim requiring "resolution of a substantial question of federal law"

22  sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada

23

24          [2] The Nevada Unfair and Deceptive Trade Practices Act, found at NRS 598 et seq., provides that a
25  person is engaged in a deceptive trade practice when that person conducts business without the appropriate state
     licenses or violates a state or federal regulation relating to the sale or lease of goods and services. NRS
26  598.0923.

1    courts have interpreted these statutes without implicating federal issues. *See e.g., State ex rel. List*

2    *v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598).

3       Accordingly, the court finds that Regas's state law claims do not implicate significant

4    federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v.*

5    *Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the

6    state causes of action turned on the defendant's compliance with federal regulations). Therefore,

7    the court cannot exercise federal question jurisdiction.

8       **B. Diversity Jurisdiction**

9       Generally, an action is removable only if none of the defendants is a citizen of the state in

10    which the action is brought. 28 U.S.C. § 1441(b). However, if a plaintiff, after removal, joins a

11    defendant to the action whose joinder would destroy diversity jurisdiction, the court may either

12    deny joinder or permit joinder and remand the action. 28 U.S.C. § 1447(e).

13       Initially defendants removed this action based on diversity jurisdiction arguing that non-

14    diverse defendant Ticor Title-Reno aka Ticor Title of Nevada was fraudulently joined. Doc. #1. In

15    his amended complaint, Regas joins two additional non-diverse defendants, Greggory Lawson

16    ("Lawson") and the now defunct Dana Capital Group, Inc., in an effort to defeat the court's

17    exercise of diversity jurisdiction. Doc. #27. In opposition, defendants contend that the newly joined

18    defendants, along with Ticor Title of Nevada, are fraudulently joined defendants whose citizenship

19    is not determinative of diversity jurisdiction and therefore the court should not remand the action

20    pursuant to 28 U.S.C. § 1447(e). *See* Doc. #29.

21       A fraudulently joined defendant does not  "defeat removal on diversity grounds." *Ritchey v.*

22    *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff

23    fails to state a cause of action against a resident defendant, and the failure is obvious according to

24    the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

25    811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416,

26

1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

Here, Regas alleges four claims against Lawson[3] for violation of NRS 598D.100; breach of the good faith and fair dealing, fraud through omission, and fraud in the inducement. *See* Doc. #27. The court has reviewed the papers and pleadings on file in this matter and finds that Regas has failed to sufficiently assert a claim for relief against Lawson. There are no allegations in the complaint relating to any specific contract between Regas and Lawson which would support a claim for breach of the covenants of good faith and fair dealing. Further, Regas fails to allege any of his claims for fraud with sufficient particularity to satisfy the heightened pleading standard of Rule 9 of the Federal Rules of Civil Procedure. Finally, there are no allegations in the complaint that Lawson, himself, acted as a lender in this matter. Rather the complaint is quite clear that Lawson was an employee of the lender, and as such, is not liable under NRS 598D.100 as a matter of law. *See* NRS 598D.100 (stating that it is an unfair lending practice for the lender to engage in the unlawful enumerated behavior). Accordingly, the court finds that non-diverse defendant Lawson is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction.

As to defendant Ticor Title of Nevada, Regas's original claim for civil conspiracy has been

---

[3] As joined defendant Dana Capital Group, Inc. was a defunct Nevada corporation prior to its joinder in this action, its citizenship is not determinative when addressing diversity jurisdiction. *See e.g., Newcombe v. Adolf Coors Company*, 157 F.3d 686 (9th Cir. 1998) (holding that only known defendants in existence at the time an action is commenced are determinative of diversity jurisdiction).

1   dropped in the amended complaint. Thus, there are no causes of action which establish a cause of

2   action against Ticor. Accordingly, the court finds that Ticor Title of Nevada is also a fraudulently

3   joined defendant whose Nevada domicile does not defeat the exercise of diversity jurisdiction.

4   Therefore, the court shall deny Regas's second motion to remand.

5

6          IT IS THEREFORE ORDERED that plaintiff's second motion to remand (Doc. #28) is

7   DENIED.

8          IT IS SO ORDERED.

9          DATED this 8th day of October, 2010.

10

11                                              _____

12                                              LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26