UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TROY P. REGAS,

    Plaintiff,

v.

FREEMONT INVESTMENTS & LOAN; et al.,

    Defendants.

3:10-cv-0366-LRH-VPC

ORDER

Before the court is defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss plaintiff Troy P. Regas's ("Regas") amended complaint. Doc. #30.[1]

Also before the court is defendants Quality Loan Service Corporation ("Quality"); LSI Title Company and LSI Title Agency, Inc.'s (collectively "LSI") motion to dismiss or for summary judgment (Doc. #33) to which defendant Ticor Title of Nevada, Inc. ("Ticor") joined (Doc. #37).

**I.  Facts and Procedural History**

On February 1, 2007, Regas purchased real property through a mortgage note and deed of trust executed by defendant Fremont Investment & Loan. Regas defaulted on the mortgage and defendants initiated non-judicial foreclosure proceedings.

On May 5, 2010, Regas filed a complaint against defendants. Doc. #1, Exhibit 1. Regas

---

[1] Refers to the court's docket entry number.

subsequently filed an amended complaint on August 16, 2010, alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) violation of NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #27.

Thereafter, defendants filed the present motions to dismiss the amended complaint. Doc. ##30, 33.

## II.  Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

2

relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. Discussion

#### A. Debt Collection Violations

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, Regas's complaint asserts that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default).

As defendants did not violate the FDCPA by initiating non-judicial foreclosure proceedings upon Regas's default of the mortgage note, defendants did not in turn violate NRS § 649. Accordingly, the court shall grant moving defendants' motion as to this claim.

///

**B. Nevada Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Regas alleges that defendants violated the statute by recording the underlying notice of default without having a state business license.

Here, defendant Quality acted as the foreclosure trustee in this matter. A foreclosure trustee does not have to be licensed to record a notice of default because a foreclosure trustee is not a debt collector. *See e.g., Hulse*, 195 F. Supp. 2d 1188; *Charov*, 2010 U.S. Dist. LEXIS 65798. Further, Regas has failed to allege why or how the remaining moving defendants conducted business as a debt collector that should have been licensed. Therefore, the court finds that Regas has failed to state a claim upon which relief can be granted and shall grant defendants' motions on this claim.

**C. Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Here, moving defendants were not involved in the origination of Regas's mortgage loan. A defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009).

**D. Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

4

unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Regas alleges that defendants breached the implied covenant because they misrepresented the cost of credit involved in the loan agreement. However, moving defendants were not a party to the origination of the loan. Thus, moving defendants could not have misrepresented any portion of the loan agreement.

Additionally, Regas's alleged misrepresentations occurred *before* a contract was formed. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. *See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct"). Accordingly, the court shall grant defendants' motions as to this issue.

**E.  NRS 107.080**

Regas argues that defendants violated NRS 107.080 by not complying with the applicable provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of default. However, the court has reviewed the documents and pleadings on file in this matter and finds that the chain of title shows that Quality, as the foreclosure trustee, substantially complied with the provisions of NRS 107.080 in causing the notice of default to be recorded and in mailing a copy of the notice of default by certified mail.

Additionally, recordation and mailing of a notice of default is not a violation of the FDCPA because it is not an attempt to collect the debt from the borrower. *See Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1143-1144 (D. Utah 2006). As such, Quality did not need to be licensed to have the notice of default recorded. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010). Accordingly, the court shall grant defendants' motion as to this claim.

### F. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, no defendant claims an interest in the property that is adverse to Regas. Therefore, Regas has no grounds to quiet title against moving defendants.

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Regas fails to allege anything more than defendants omitted important information from his loan documents and made misrepresentations about his loan to him during the loan process. However, there are no allegations of who failed to provide the information or what information was not provided. Further, Regas fails to allege any facts to support misrepresentations made during the loan process against moving defendants who were not a party to the origination of the loan. Therefore, the court finds that Regas's allegations are insufficient to support his claims for fraud.

### H. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

1       Here, there was a written contract between the parties, namely, the deed of trust and
2  mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
3  such, Regas cannot make a claim in equity for actions that are controlled by a contract to which he
4  is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.
5       In opposition, Regas argues that there is no direct contract between himself and moving
6  defendants as loan servicers and foreclosure trustees and that his claim for unjust enrichment is
7  based on moving defendants retention of monetary benefits related to their services despite the lack
8  of an express contract authorizing their retention of these benefits. However, the loan servicers and
9  foreclosure trustees' rights to conduct a non-judicial foreclosure and retain money from servicing
10 the loan arise from the mortgage note, deed of trust, and subsequent transfers of rights related to
11 these documents to which Regas is a party. Accordingly the court shall grant defendants' motion as
12 to Regas's claim for unjust enrichment.

### I.  Injunctive and Declaratory Relief

14      Claims for injunctive or declaratory relief are remedies that may be afforded to a party after
15 he has sufficiently established and proven his claims; they are not a separate causes of action. *See*
16 *e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007)
17 (holding that a claim for injunctive relief was not a separate cause of action or independent ground
18 for relief). Here, Regas's claims fail to establish any claim for relief. Accordingly, Regas is not
19 entitled to injunctive or declaratory relief.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

1     IT IS THEREFORE ORDERED that defendant's motion to dismiss the amended complaint (Doc. #30) is GRANTED. Defendant Mortgage Electronic Registration Systems, Inc. is DISMISSED as a defendant in this action.

    IT IS FURTHER ORDERED that defendants' motion to dismiss or for summary judgment (Doc. #33) is GRANTED. Defendants Quality Loan Service Corporation; LSI Title Company; LSI Title Agency, Inc.; and joining defendant Ticor Title of Nevada, Inc. are DISMISSED as defendants in this action.

    IT IS SO ORDERED.

    DATED this 14th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE